OPINION
{¶ 1} On August 12, 1999, Jessica Wentling, a minor, was a passenger in a vehicle being operated by her father, Jeffrey Wentling, which was involved in a collision with another vehicle. It is undisputed that the negligence of Jeffery Wentling directly and proximately caused the motor vehicle accident.
 {¶ 2} Pursuant to a joint custody agreement, Jessica Wentling resided part time with her father who at the time of the accident, lived with his parents, Richard A. and Rose Wentling.
 {¶ 3} Appellee, Jeffrey Wentling, as the parent and natural guardian of Jessica, sought underinsured motorist coverage from Appellant, Motorists Mutual Insurance Company, pursuant to a personal automobile policy of insurance issued by Appellant to Richard Wentling and a homeowner's policy issued to Richard and Rose Wentling. Each of these policies was first issued on May 1, 1995.
 {¶ 4} On August 10, 2001, Appellee filed a complaint against, among others, Appellant alleging entitlement to UM/UIM coverage under said policies.
 {¶ 5} On November 19, 2001, Appellant and Appellee filed motions for summary judgment. Plaintiff-Appellee's motion sought a declaration that coverage was available under said policies. Defendant-Appellant argued that no underinsured coverage existed.
 {¶ 6} On January 8, 2002, the trial court found that Plaintiff-Appellee was entitled to coverage under the personal automobile policy, based on an invalid offer/rejection form but found that no coverage existed under the homeowner's policy.
 {¶ 7} Defendant-Appellant filed an appeal and Plaintiff-Appellee filed a cross-appeal of the trial court's decision, assigning the following errors:
ASSIGNMENTS OF ERROR
 Appellant's Assignments of Error
 I.
 {¶ 8} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY HOLDING THAT THE OFFER/REJECTION FORM SIGNED BY DEFENDANT/APPELLANT'S NAMED INSURED WAS INVALID UNDER LINKO DESPITE THE APPLICABILITY OF THE H.B. 261 AMENDMENTS TO OHIO REVISED CODE § 3937.18."
 II.
 {¶ 9} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO HOLD THAT THE PLAINTIFF/APPELLEE IS BARRED FROM ANY RECOVERY OF UM BENEFITS UNDER THE DEFENDANT/APPELLANT'S PERSONAL AUTO POLICY WHEN THE PLAINTIFF/APPELLEE EXECUTED A RELEASE IN FAVOR OF THE TORTFEASOR, WITHOUT NOTICE TO OR THE APPROVAL OF DEFENDANT/APPELLANT, AND CAUSED UNDUE PREJUDICE TO THE POTENTIAL SUBROGATION RIGHTS OF THE DEFENDANT/APPELLANT."
 Cross-Appellant's Assignment of Error
 {¶ 10} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY HOLDING THAT THE PLAINTIFF-APPELLEE IS NOT ENTITLED TO INSURANCE COVERAGE BY OPERATION OF LAW UNDER THE RESIDENCE EMPLOYEE PROVISIONS OF THE HOMEOWNER'S POLICY ISSUED BY DEFENDANT-APPELLANT MOTORIST."
 STANDARD OF REVIEW {¶ 11} Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447,448, 1996-Ohio-211.:
 {¶ 12} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511, 1994-Ohio-172, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327."
 {¶ 13} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddyv. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35.
 I. {¶ 14} Appellant claims the trial court erred in finding that the uninsured/underinsured motorists coverage offer/rejection form of the insurance policy failed to satisfy the requirements of R.C. § 3937.18. We disagree.
 {¶ 15} The version of R.C. § 3937.18 that is controlling in this matter is that enacted by Am. Sub. H.B. No. 261, effective September 3, 1997. The relevant version of R.C. § 3937.18, Ohio's uninsured/underinsured motorist statute provides for the mandatory offering of uninsured/underinsured motorist coverage in an amount equal to the amount of liability insurance provided. Such statute further states, in pertinent part, as follows:
 {¶ 16} "(C) A named insured or applicant may reject or accept both coverages as offered under division (A) of this section, or may alternatively select both such coverages in accordance with a schedule of limits approved by the superintendent. The schedule of limits approved by the superintendent may permit a named insured or applicant to select uninsured and underinsured motorists coverages with limits on such coverages that are less than the limit of liability coverage provided by the automobile liability or motor vehicle liability policy of insurance under which the coverages are provided, but the limits shall be no less than the limits set forth in section 4509.20 of the Revised Code for bodily injury or death. A named insured's or applicant's rejection of both coverages as offered under division (A) of this section, or a named insured's or applicant's selection of such coverages in accordance with the schedule of limits approved by the superintendent, shall be in writing and shall be signed by the named insured or applicant. A named insured's or applicant's written, signed rejection of both coverages as offered under division (A) of this section, or a named insured's or applicant's written, signed selection of such coverages in accordance with the schedule of limits approved by the superintendent, shall be effective on the day signed, shall create a presumption of an offer of coverages consistent with division (A) of this section, and shall be binding on all other named insureds, insureds, or applicants." In our recent decision in Pillo v. Stricklin, (December 31, 2001), Stark App. No. 2001CA00204, 2001-Ohio-7049, we held that the 1997 Amendments to R.C. § 3937.18 did not eliminate the requirements set forth by the Ohio Supreme Court in Linko v. Indemn. Ins. Co. of N. Am. (2001), 90 Ohio St.3d 445, 2000-Ohio-92, and that there were no provisions in H.B. 261 which clarified or modified what the contents of a written offer must be.
 {¶ 17} The Ohio Supreme Court, in Linko, supra, addressed the issue of what language needed to be included in an uninsured/underinsured motorist coverage rejection form to satisfy the offer requirement of R.C. § 3937.18(C). The Court, in Linko, held that in order to satisfy the offer requirement, the insurer must:
 {¶ 18} "(1) inform the insured of the availability of uninsured/underinsured motorist coverage;
 {¶ 19} "(2) set forth the premium for the coverage;
 {¶ 20} "(3) include a brief description of the coverage; and,
 {¶ 21} "(4) expressly state the uninsured/underinsured coverage limits in its offer." Id. at 447-448.
 {¶ 22} In so holding, the Ohio Supreme Court relied on Gyori v.Johnston Coca-Cola Bottling Group, Inc. (1996), 76 Ohio St.3d 565,1996-Ohio-358, in which the court held that there can be no rejection pursuant to R.C. § 3937.18(C) unless there was a written offer of uninsured motorist coverage from the insurer. The Supreme Court, in discussing Gyori, stated as follows:
 {¶ 23} "Gyori stands for the proposition that we cannot know whether an insured has made an express, knowing rejection of UIM coverage unless there is a written offer and written rejection. It only follows that a valid rejection requires a meaningful offer, i.e., an offer that is an offer in substance and not just in name. Id. at 449."
 {¶ 24} In the case sub judice, the rejection form does not meet the Linko requirements in that such forms failed to include the premium for the coverage, a description of the coverage or the limit of available coverage.
 {¶ 25} As the offer/rejection form in this case was invalid, we find that the trial court did not err in finding that UM/UIM coverage arises by operation of law in an amount equal to the amount of liability insurance provided in said policy.
 {¶ 26} Appellant's first Assignment of Error is overruled.
 II. {¶ 27} In its second assignment of error, Motorists contends the trial court erred in finding Appellee was entitled to UIM coverage because appellee breached the terms and conditions of the policy thereby barring recovery. Specifically, Motorists takes issue with appellee's failure to abide by the policy provisions relative to subrogation and notice.
 {¶ 28} Under the provisions of the automobile liability policy and Scott-Pontzer, we find coverage existed by operation of law. The policy provided that Appellant Motorists' subrogation rights must be protected, however, given our rulings in Myers v. Safeco Ins. Co. of America
(February 18, 2000), Licking App. No. 99CA00083, reversed on other grounds, 91 Ohio St.3d 333, 744 N.E.2d 1162, 2001-Ohio-64, Achauer v.Monroe Guaranty Ins. Co. (June 6, 2001), Muskingum App. No. CT2000-0038, and Burkhart, supra, we find such a provision to be unenforceable. We adhere to the rational expressed therein and find Motorists' argument to be without merit.
 {¶ 29} Appellant's second assignment of error is overruled.
 Cross-Appellant's Assignment of Error {¶ 30} Cross-Appellant Jeffrey Wentling claims that the trial court erred in failing to find that Cross-Appellant was an insured under the homeowner's policy issued by Motorists, arguing that such policy meets the definition of a motor vehicle liability policy pursuant to R.C. § 3937.18. We disagree.
 {¶ 31} More specifically, the issue for our review is whether a homeowner's policy that provides limited insurance coverage to an insured for liability to a residence employee arising out of the use of a motor vehicle that is subject to motor vehicle registration laws on the public highways is sufficient to subject said homeowner's policy to R.C. §3937.18, thereby requiring UM/UIM coverage.[1]
 {¶ 32} Appellant, contends that because the homeowner's policy issued in the case sub judice provides automobile liability coverage in limited circumstances, Motorists was required to offer uninsured/underinsured motorist benefits. When it failed to do so, such benefits arose by operation of law and, moreover, were not subject to setoff or to the subrogation provisions under that policy. Cross-Appellee, Motorists, on the other hand, maintains that UM/UIM benefits were not offered in the instant case because the policy of insurance was a homeowner's policy not an automobile policy and therefore was not subject to R.C.§ 3937.18.
 {¶ 33} This court has previously addressed the issue of whether the residence employee provision in a homeowner's policy could be construed so as to provide uninsured/underinsured motorists coverage. See, Henry v. Nationwide Mut. Fire Ins. Co., Muskingum App. No. CT2001-0014, 2001-Ohio-1427; Trussell v. United Ohio Ins. Co. (January 16, 2002), Perry App. No. 01 CA 15; Vohsing v. Auto Owners Ins. Co.,
Licking App. No. 01 CA 56, 2002-Ohio-250; and Mattox v. Allstate Ins.Co., Stark App. No. 2001CA218, 2002-Ohio-1453. In accordance with these decisions, we find the trial court did not err in finding the homeowner's policy did not provide uninsured/underinsured motorists coverage. Based on the foregoing, we find Cross-Appellant's sole assignment of error not well-taken and hereby overrule same.
 {¶ 34} The decision of the trial court is affirmed.
By Boggins, J., Hoffman, P.J. and Wise, J. concur.
Topic: Residence employee, individual rejection and release
[1] The Ohio Supreme Court has certified a conflict on this issue and the matter is presently pending before the Supreme Court, Lemm v. TheHartford (2001), 93 Ohio St.3d 1475 in the cases of Lemm v. The Hartford
(Oct. 4, 2001), Franklin App. No. 01AP-251, unreported, 2001 WL 1167585 and Davis v. Shelby Ins. Co. (June 12, 2001), Cuyahoga App. No. 78610, unreported, 2001 WL 674854.